| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-03035-01-CR-S-BCW |
| JEREMY S. KOPPENHAVER, | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS COUNT 2 OF THE INDICTMENT
FOR FAILURE TO STATE AN OFFENSE
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3)(B)(v)**

**COMES NOW** defendant, Jeremy S. Koppenhaver, by counsel Michael S. Oliver, and moves this Court, pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, to dismiss Count 2 of the indictment on the ground that it fails to state an offense, because Count 2 does not allege facts constituting each essential element of the charged offense.

**SUGGESTIONS IN SUPPORT**

1.      "The indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged ...." Fed. R. Crim. P. 7(c)(1).

2.      Under Rule 12(b)(3)(B)(v) Fed. R. Crim. P., a defendant may move before trial to dismiss an indictment that fails to state an offense. Each count of an indictment must contain a plain, concise, and definite written statement of the essential facts constituting the offense charged and must include the elements of the offense to ensure that the defendant is informed of the charge and protected against double jeopardy. Each count of an indictment must allege facts which, if

proven, constitute a violation of the statute in question. If the allegations, taken as true, do not state an offense, dismissal is required before trial.

3.      In conducting a review of the sufficiency of an indictment, the Court must "accept the allegations stated in the indictment as true and ask whether they can form the basis of the charged offense." *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021) (internal citations omitted).

4.      The Eighth Circuit has held that "[a]n indictment is generally sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Welker*, 75 F.4th 820, 822 (8th Cir. 2023) (citations and internal quotations omitted).

5.      The Eighth Circuit has further held that "[i]f an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute." *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988)

6.      Count 2 of the Indictment in this matter does not survive this purely facial analysis. There is no need to look further than the language of the allegations of Count 2 of the Indictment, the applicable statute, and the jury instructions.

7.      Count 2 of the Indictment alleges as follows:

> Beginning on an unknown date, but as early as March 1, 2024, and continuing through June 22, 2024, said dates being approximate, in Greene County, in the Western District of Missouri, and elsewhere, **JEREMY S. KOPPENHAVER**, the defendant, did knowingly produce, distribute, receive, and possess with intent to distribute, a visual depiction of any kind, including a drawing, cartoon, sculpture, an painting that depicts a minor engaging in sexually explicit conduct and is obscene.

Among other deficiencies, Count 2 does not include a statutory citation for the law alleged to have been violated by the defendant. The caption of the Indictment recites the range of punishment for

violations of both Title 18, United States Code, Section 1466A(a)(1) and 1466A(a)(2). Fatally, Count 2 of the Indictment fails to allege each of the four essential elements of a violation of either 18 U.S.C. § 1466A(a)(1) or §1466A(a)(2). A review of the language of 18 U.S.C. § 1466A suggests that the grand jury intended but failed to charge a violation of subsection (a)(1) of Section 1466.

8. In pertinent part, 18 U.S.C. § 1466A reads as follows:

(a) In General. —Any person who, in a circumstance described in subsection (d), knowingly produces, distributes, receives, or possesses with intent to distribute, a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that—
(1)
(A) depicts a minor engaging in sexually explicit conduct; and
(B) is obscene; or
(2)
(A) depicts an image that is, or appears to be, of a minor engaging in graphic bestiality, sadistic or masochistic abuse, or sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; and
(B) lacks serious literary, artistic, political, or scientific value;

or attempts or conspires to do so, shall be subject to the penalties provided in section 2252A(b)(1), including the penalties provided for cases involving a prior conviction.

(d) Circumstances. —The circumstance referred to in subsections (a) and (b) is that—
(1) any communication involved in or made in furtherance of the offense is communicated or transported by the mail, or in interstate or foreign commerce by any means, including by computer, or any means or instrumentality of interstate or foreign commerce is otherwise used in committing or in furtherance of the commission of the offense;
(2) any communication involved in or made in furtherance of the offense contemplates the transmission or transportation of a visual depiction by the mail, or in interstate or foreign commerce by any means, including by computer;
(3) any person travels or is transported in interstate or foreign commerce in the course of the commission or in furtherance of the commission of the offense;
(4) any visual depiction involved in the offense has been mailed, or has been shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have

3

been shipped or transported in interstate or foreign commerce by any means, including by computer; or
(5) the offense is committed in the special maritime and territorial jurisdiction of the United States or in any territory or possession of the United States.

9.    In order to be found guilty of a violation of 18 U.S.C. § 1466A(a)(1) a jury must find the following elements beyond a reasonable doubt:

One, the defendant knowingly [produced; distributed; received; possessed with intent to distribute], a visual depiction;

Two, the visual depiction is of a minor engaging in sexually explicit conduct;

Three, the visual depiction is obscene; and,

Four, [A communication involved in or made in furtherance of this offense was communicated or transported by [mail; in interstate or foreign commerce, including by computer]], or [A communication involved in or made in furtherance of the offense contemplated the transmission or transportation of a visual depiction by the [mail; in interstate or foreign commerce, including by computer]], or [Any person traveled or was transported in inter- state or foreign commerce in the course of or in furtherance of the commission of this offense], or [Any visual depiction involved in the offense was produced using materials that were [mailed; shipped or transported in interstate or foreign commerce, including by computer]]

See, The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), Instruction 18.295 – 18 U.S.C. § 1466A(a)(1) Producing/ Distributing/Receiving/Possessing with Intent to Distribute Obscene Visual Representations of Sexual Abuse of Children—Elements.

10.    The Indictment alleges the first three elements of a violation of 18 U.S.C. § 1466A(a)(1); however, it fails to allege the fourth element, found in subsection (d) of Section 1466A. The failure of Count 2 of the Indictment to allege facts establishing federal jurisdiction means that it fails to state an offense against the United States.

11.    The deficiencies are not curable by inference, discovery, or a bill of particulars to cure a failure to state an offense. The Indictment must be sufficient on its face. Because the pleading defects are elemental and legal, dismissal under Rule 12(b)(3)(B)(v) is required.

4

WHEREFORE, the defendant, Jeremy S. Koppenhaver, respectfully requests this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to dismiss Count 2 of the Indictment for failure to state an offense.

Respectfully submitted,


*s/ Michael S. Oliver*
Michael S. Oliver
Missouri Bar Number 41832
P.O. Box 1305
Springfield, Missouri 65801
michael@msoliverlaw.com
(573) 691-3776

5

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on March 26, 2026, to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*s/ Michael S. Oliver*
Michael S. Oliver

6