**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY S. KOPPENHAVER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 6:25-cr-03035-BCW-1 |

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Jeremy S. Koppenhaver's Motion to Dismiss Count 2 of the Indictment. (Doc. 71). The Government has filed its suggestions in opposition (Doc. 72). Mr. Koppenhaver has not filed a reply, and the time to do so has passed. The Court recommends that the Motion to Dismiss Count 2 be DENIED as MOOT.

## I. Background

On April 1, 2025, a federal grand jury returned a two-count indictment charging Mr. Koppenhaver with one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of receipt and distribution of child pornography in violation of 18 U.S.C. §§ 1446A and 2252(b)(1). (Doc. 1). On April 7, 2025, defense counsel was appointed, the Court held Mr. Koppenhaver's Arraignment and Initial Appearance, and the Court entered a Scheduling and Trial Order. (Docs. 9, 10, 12). On January 15, 2026, the Court found that an irreconcilable conflict existed and that there was a complete breakdown in communication between Mr. Koppenhaver and his appointed counsel. (Doc. 66). Mr. Koppenhaver was appointed new defense counsel. (Doc. 67).

On March 29, 2026, present defense counsel filed the instant motion and a motion requesting disclosure of grand jury matters. (Docs. 71, 72). On April 7, 2026, a federal grand jury

returned a superseding indictment against Mr. Koppenhaver, charging him with one count of receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of receipt and distribution of child pornography in violation of 18 U.S.C. §§ 1446A and 2252A(b)(1). (Doc. 73). On April 14, 2026, Mr. Koppenhaver was arraigned on the superseding indictment. (Doc. 77). The Government filed its response to Mr. Koppenhaver's motions on April 13, 2026. (Docs. 75, 76).

## II. Analysis

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A defendant may move to dismiss an indictment that fails to state an offense. Fed. R. Crim. P. 12(b)(2)(B)(v). An indictment properly states an offense if it contains all the essential elements of the charged offense, fairly informs the defendant of the charged offense, and allows him to prepare a defense and invoke the double jeopardy clause in any future prosecutions based on the same conduct. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Palmer*, 917 F.3d 1035, 1039 (8th Cir. 2019). The Eighth Circuit has held that "[i]f an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute." *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988).

Mr. Koppenhaver argues that Count 2 of the original indictment fails to state an offense because it does not contain all the essential elements of the offense charged. (Doc. 71 at 2-4). Specifically, he argues that it does not contain language establishing federal jurisdiction. (*Id.*). The Government argues that the return of the superseding indictment has made Mr. Koppenhaver's motion moot, because the charging language of Count 2 has been amended to address the concerns regarding the sufficiency of the charge. (Doc. 76 at 4).

Count 2 of the superseding indictment contains all the essential elements of the charged offense, including language establishing federal jurisdiction which was absent in the original indictment. (Doc. 73). It properly states an offense and informs Mr. Koppenhaver of the charges against him. *See Palmer*, 917 F.3d at 1039. The return of the superseding indictment has mooted Mr. Koppenhaver's objections to the original indictment. *See United States v. Schwalb*, 83 F.3d 1039, 1040 (8th Cir. 1996) (noting a prosecutor may respond to alleged defects in the indictment raised by a pretrial motion to dismiss by returning a superseding indictment); *United States v. Himpler*, No. 4:20-CR-00568-SEP, 2023 WL 5286808, at *2 (E.D. Mo. Aug. 17, 2023) ("[T]he Court declines to rule on the motions alleging defects in the original indictment for the same reason that it would decline to rule on any hypothetical question . . . . If the Government elects to proceed on the original indictment at some point in the future, challenges to that indictment would presumably become ripe for this Court's consideration."). Accordingly, the Court recommends that the District Judge find that the motion to dismiss Count 2 of the original indictment is moot.

## III. <u>Conclusion</u>

The undersigned recommends that the District Judge find Mr. Koppenhaver's arguments to dismiss Count 2 of the original indictment are moot. Accordingly, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, DENY Defendant Jeremy S. Koppenhaver's Motion to Dismiss Count 2. (Doc. 72).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the

Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 28th day of April, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge