**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 25-03035-01-CR-S-BCW

JEREMY S. KOPPENHAVER,

        Defendant.

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING JURY INSTRUCTIONS AND VOIR DIRE QUESTIONS

**COMES NOW** defendant, Jeremy S. Koppenhaver, by counsel Michael S. Oliver, and files with this Court the defendant's response to the Government's motion in limine regarding jury instructions and voir dire questions. (DE 97).

## I.     LEGAL ISSUES AND ARGUMENT

A.    The Verdict Director for Count 1

There is no dispute over the elements of the offense in the verdict director for Count 1; however, each date on which Mr. Koppenhaver allegedly received each of Exhibits 29 through 33 must be included the first element. One cannot be charged with receiving a visual depiction throughout a period of years. The act of "receipt" happens once at a specific time and is not a continuing offense. "The ordinary meaning of "receive" is "to knowingly accept"; "to take possession or delivery of"; or "to take in through the mind or senses." Webster's Third New International Dictionary: Unabridged 1894 (1993); see also 13 Oxford English Dictionary 314 (2d

ed. 1989)." *United States v. Pruitt,* 638 F.3d 763, 766 (8th Cir. 2011). Once a visual depiction is received, it is then possessed.

B.    <u>The Lesser Included Offense Instruction</u>

Mr. Koppenhaver agrees that the test found in *United States v. Felix*, 996 F.2d 203, 207 (8thd Cir. 1993), addresses the findings necessary for the issuance of a lesser included offense instruction whether requested by the Government or a defendant.

Mr. Koppenhaver has properly requested that the lesser included offense instruction for the offense of possession of a visual depiction of a minor engaged in sexually explicit conduct. The first element of the *Felix* test is satisfied.

In *Muhlenbruch*, the 8th Circuit recognized that "proof of receiving child pornography under § 2252(a)(2) necessarily includes proof of illegal possession of child pornography under § 2252(a) (4)(B), and Congress did not intend to impose multiplicitous punishment for these offenses." *United States v. Muhlenbruch*, 634 F.3d 987, (8th Cir. 2011). Therefore, the elements of possession of a visual depiction of a minor engaged in sexually explicit conduct and receipt of a visual depiction of a minor engaged in sexually explicit conduct are identical and every successful receipt prosecution includes evidence of possession. The second and third elements of the *Felix* test are satisfied.

Both the Government and the defendant may request that the lesser included offense instruction. The fifth element of the *Felix* test is satisfied.

The Government disputes that the fourth element of the *Felix* test cannot be met. That assertion will be tested by the evidence presented by the Government in its case-in-chief. Only after the Government has presented its evidence can a determination be made whether the fourth element of the *Felix* test has been satisfied.

2

C.    The Venue Instruction

Mr. Koppenhaver agrees that venue is proper "in a district where the offense was committed." Fed. R. Crim. P. 18. Here, the Government has provided no discovery or alleged any fact that would indicate that Mr. Koppenhaver received a visual depiction of a minor engaged in sexually explicit conduct within the Western District of Missouri.   Therefore, venue is most definitely in issue.

D.    Objections to Voir Dire Questions

Counsel will ask no question of the jury panel to which the Government objects without first advising the Court of the question counsel intends to ask, so that the Court may issue a ruling before a question is asked.

## II.    CONCLUSION

For the foregoing reasons and authorities, Mr. Koppenhaver requests that the Court issue a lesser included offense instruction and a venue instruction based on the evidence presented at trial. Further, Mr. Koppenhaver requests that the Court allow counsel to pose all questions appropriately designed to determine whether a member of the jury panel may be fair and impartial.

Respectfully submitted,

*s/ Michael S. Oliver*
Michael S. Oliver
Missouri Bar Number 41832
P.O. Box 1305
Springfield, Missouri 65801
michael@msoliverlaw.com
(573) 691-3776

**<u>Certificate of Service</u>**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 31, 2026, to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*s/ Michael S. Oliver*
Michael S. Oliver