**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:25-cr-03035-MBB |
| | ) | |
| JEREMY S. KOPPENHAVER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On June 2, 2026, a jury convicted Jeremy S. Koppenhaver of one count of receipt of a visual depiction of a minor engaged in sexually explicit conduct under 18 U.S.C. § 2252(a)(2) ("Count 1"). (**Doc. 105**). The jury also convicted Defendant of one count of producing an obscene visual depiction of a minor engaging in sexually explicit conduct under 18 U.S.C. § 1466A ("Count 2"). (***Id.***). Defendant filed a Motion for a Judgment of Acquittal under Federal Rule of Criminal Procedure 29(c)(1) (the "Motion"). (**Doc. 109**). The Motion is DENIED.

### Background

At trial, a witness testified that she observed Defendant viewing and manipulating images of minor children in a Springfield, Missouri coffee shop on June 22, 2024. Witnesses testified that authorities arrested Defendant and seized his computer. The Government introduced as exhibits several explicit images found on that computer. (**Doc. 106**). The images depicted minor children in various states of undress. One image was labeled, "90/pl/pervpreteens." (**Gov. Ex. 29**). Several images graphically depicted exposed genitalia. (**Gov. Exs. 31, 36**). And some depicted exploited children recognized by law enforcement. (**Gov. Exs. 32-33**). The Government introduced search terms to show that Defendant sought out the images. (**Gov. Ex. 34**). The Government also

introduced as exhibits images manipulated by Defendant. Some images, manipulated by Defendant using artificial intelligence, depicted nude minor children alongside male genitalia. (**Gov. Exs. 26-28**). And some images depicted nude photos of Defendant superimposed on photos of nude minor children. (**Gov. Exs. 21-22**).

After a 2-day trial, a jury convicted Defendant of Count 1 and Count 2. Defendant asks the Court to enter a judgment of acquittal for Count 1. (**Doc. 109**). He concedes that he possessed images depicting minors engaged in sexually explicit conduct. (***Id.*** at p. 1). But he argues that the Government failed to prove that he *received* those images in the Western District of Missouri. (***Id.***). Defendant also asks the Court to enter a judgment of acquittal for Count 2. (***Id.*** at p. 2). He argues that Government Exhibits 17 though 20 "proved that [he] used AI to manipulate images of adults, not minors." (***Id.***). And he argues that the Government presented no evidence that he produced Government Exhibits 21, 22, and 26 through 28 within the date range in the superseding indictment. (***Id.***).

**Discussion**

"A defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict." **Fed. R. Crim. P. 29(c)(1)**. Such a defendant faces "a heavy burden." ***United States v. Willis***, 89 F.3d 1371, 1376 (8th Cir. 1996). The Court "will not disturb the verdict unless no reasonable jury could have found the defendant guilty beyond a reasonable doubt." ***United States v. Blair***, 93 F.4th 1080, 1085 (8th Cir. 2024) (internal quotation marks omitted). This standard is "quite strict" and applies "even when the conviction rests entirely on circumstantial evidence." ***United States v. Vavra***, 127 F.4th 737, 742 (8th Cir. 2025) (internal quotation marks omitted); ***United States v. Tillman***, 765 F.3d 831, 833 (8th Cir. 2014) (internal quotation marks omitted). The Court "views the evidence in the light most favorable to the jury's verdict, resolving conflicts

in the government's favor, and accepting all reasonable inferences that support the verdict." ***Vavra***, 127 F.4th at 742 (internal quotation marks omitted).

**I. The Government proved that Defendant was guilty of Count 1.**

Count 1 required the Government to prove that Defendant knowingly received visual depictions of a minor engaging in sexually explicit conduct. **18 U.S.C. § 2252(a)(2)**. "Under 18 U.S.C. § 2252(a)(2), a person knowingly receives child pornography when he intentionally views, acquires, or accepts the child pornography on a computer from an outside source." ***United States v. Lukassen***, 103 F.4th 1325, 1330 (8th Cir. 2024). Defendant lived in the Western District of Missouri. Witnesses saw him viewing and manipulating images of children in the Western District of Missouri. He was arrested in the Western District of Missouri. His computer, which admittedly contained evidence of minors engaged in sexually explicit conduct, was seized in the Western District of Missouri. The jury could have reasonably found that Defendant at least intentionally viewed the prohibited material in the Western District of Missouri. That is enough to support a guilty finding for Count 1. *See* **18 U.S.C. § 3237(a)** (the Government may prosecute in any district in which an offense "was begun, continued, or completed").

**II. The Government proved that Defendant was guilty of Count 2.**

Count 2 required the Government to prove that Defendant, approximately between March 1, 2024 and June 22, 2024, produced an obscene visual depiction of a minor engaged in sexually explicit conduct. **18 U.S.C. § 1466A**. Proof at trial need not show that a crime occurred within the approximate date range alleged in the indictment. ***United States v. Webster***, 797 F.3d 531, 534 (8th Cir. 2015). Evidence is sufficient if it shows "that the acts charged were committed within the period of the statute of limitations and prior to the date of the indictment, as long as the date is not a material element of the offense, and the defendant is not prejudiced." ***Id.*** (cleaned up).

Here, for Exhibits 17 through 20, the Government presented Defendant's web searches and prompts, which allowed Defendant to depict minor children using pictures of adults as a starting point. (**Gov. Exs. 13, 34**). The resulting images generated on-screen warnings. (**Gov. Ex. 15**). The jury could have reasonably found that Exhibits 17 through 20 obscenely depicted minors engaged in sexually explicit conduct. *See* ***United States v. Seaton***, 2025 WL 2992317, *1 n.1 (8th Cir. Oct. 24, 2025) (per curiam) (noting that 18 U.S.C. § 1466A does not require "that the minor depicted actually exist" (quoting **18 U.S.C. § 1466A(c)**)).

For Government Exhibits 21, 22, and 26 through 28, Defendant does not argue that the Government violated the statute of limitations. The charged conduct occurred prior to the superseding indictment, which was issued on April 7, 2026. (**Doc. 73**). Time is not an essential element of the offense. **18 U.S.C. § 1466A**. *See* ***United States v. Youngman***, 481 F.3d 1015, 1019 (8th Cir. 2007) ("Time is not a material element of a criminal offense unless made so by the statute creating it."). And even assuming there was a variance between the superseding indictment and the proof at trial, "there is no prejudice because the indictment fully and fairly apprised [Defendant] of the allegations." ***Webster***, 797 F.3d at 534 (cleaned up). *See* ***United States v. Villarreal***, 707 F.3d 942, 962 (8th Cir. 2013) ("Where the indictment fully and fairly apprises the defendant of the allegations against which he must defend, prejudice is absent and any variance is harmless error." (internal quotation marks omitted)). The jury could have reasonably found that "the offense was committed on a date reasonably near the alleged date." *See* ***Youngman***, 481 F.3d at 1019. That is enough to support a guilty finding for Count 2. *See* ***id.***; ***Webster***, 797 F.3d at 534.

Accordingly, the Motion (**Doc. 109**) is **DENIED**.

**IT IS SO ORDERED**.

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2026